# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

For rules and forms visit
www.ca11.uscourts.gov

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
APR 1 4 2008
JAMES N. HATTEN, Clerk
By: James N. Hatten, Deputy Clerk

April 11, 2008

Clerk, U.S. District Court
75 SPRING ST SW STE 2211
ATLANTA GA 30303-3318

**Appeal Number: 07-11653-DD**
Case Style: Doris Staehr v. John R. Alm
District Court Number: 06-00467 CV-TWT-1

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
## For the Eleventh Circuit

No. 07-11653

District Court Docket No.
06-00467-CV-TWT-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Mar 13, 2008

THOMAS K. KAHN
CLERK

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 1 4 2008

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

DORIS STAEHR,
Derivatively on behalf of Coca-Cola Enterprises, Inc.,

    Plaintiff-Appellant,

versus

JOHN R. ALM,
LOWRY F. KLINE,
PATRICK J. MANNELLY,
RICK L. ENGUM,
E. LISTON BISHOP, III, et al.,

    Defendants-Appellees.

A True Copy - Attested
Clerk, U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Northern District of Georgia

---

### JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



ISSUED AS MANDATE
APR 1 1 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: March 13, 2008
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 07-11653

D.C. Docket No. 06-00467-CV-TWT-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 13, 2008
THOMAS K. KAHN
CLERK

APR 14 2008

JAMES N. HATTEN, CLERK
By: [signature]
Deputy Clerk

DORIS STAEHR
Derivatively on behalf of Coca-Cola Enterprises, Inc.,

Plaintiff-Appellant,

versus

JOHN R. ALM, LOWRY F. KLINE,
PATRICK J. MANNELLY, RICK L. ENGUM,
E. LISTON BISHOP, III, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

**(March 13, 2008)**

Before ANDERSON and BLACK, Circuit Judges, and HODGES,* District Judge.

PER CURIAM:

---

*Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

Doris Staehr (Appellant), derivatively on behalf of Coca-Cola Enterprises, Inc. (CCE) appeals the district court's dismissal of her Verified Consolidated Shareholder Derivative Complaint for failure to adequately plead demand futility.[2] We affirm the district court's dismissal.

## Background and Facts

Appellant is an owner of common stock in CCE. She filed a derivative lawsuit on behalf of CCE against certain CCE officers and directors alleging violations of Delaware state law, including breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment.[3] Specifically, Appellant claimed that CCE, through its Board of Directors, engaged in "channel stuffing" to manage its reported revenue earnings. According to the Amended Complaint, "[c]hannel [s]tuffing is a deceptive business practice used by a company

---

[2]Appellant also appeals the district court's decision not to permit her the opportunity to amend the Amended Complaint. However, Appellant did not file a motion seeking leave to amend. Instead, Appellant included a footnote in her response to Appellees' motion to dismiss, asking an opportunity to amend if the district court granted Appellees' motion. The footnote did not state the substance of the proposed amendment or explain why justice would so require. As such, Appellant failed to properly seek leave to amend, and this Court will not address that issue. See Fed. R. Civ. P. 15(a); see also Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002).

[3]At the time the action was filed, CCE's Board of Directors consisted of: Appellees Lowry F. Kline, J. Trevor Eyton, Irial Finan, Gary P. Fayard, L. Phillip Humann, Paula G. Rosput Reynolds, Calvin Darden, Marvin J. Herb, James E. Copeland, Jr., J. Alexander M. Douglas, Jr., Summerfield K. Johnston, III. Directors Fernando Aguirre and Donna A. James were not named as Defendants.

2

to inflate its sales and earnings figures by deliberately sending retailers along its distribution channel more products than they are able to sell to the public." [**R26:18**].

Appellant alleged that Coca-Cola Company (Coke) induced CCE to exploit its customer base using these tactics, causing CCE to sell product at lower prices than it would have charged thereby increasing its own total sales volume for the benefit of Coke. Appellant claimed that the individual Appellees were beholden to Coke which allegedly controlled and dominated the CCE Board of Directors to maximize Coke's financial position to the detriment of CCE. As a result of the "channel stuffing," the individual Appellees allegedly caused CCE to restate earnings, disseminate false and misleading public statements, including earnings conference calls, earnings press releases and filings with the Securities and Exchange Commission. Further, according to the Amended Complaint, certain of these individual Appellees traded shares of CCE stock with insider knowledge of these misstatements, thus selling their shares at artificially inflated prices.

Appellant filed the lawsuit against the individual Appellees and the nominal CCE without making a demand on the Board of Directors requesting remediation of these alleged corporate practices. Appellees filed a motion to dismiss on the basis that Appellant failed to plead particularized facts that demonstrated demand was excused by futility. Appellees also argued that, even if demand was excused, the

Amended Complaint should be dismissed because it failed to state a claim for breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, unjust enrichment, and was barred by the statute of limitations, laches and acquiescence. The district court granted the motion to dismiss on the ground that Appellant failed to properly plead demand futility. This appeal followed.

## Standard of Review

We review the district court's dismissal of a shareholder derivative lawsuit for abuse of discretion. See Stepak v. Addison, 20 F.3d 398, 402 (11th Cir.1994); See also, Peller v. Southern Co., 911 F.2d 1532 (11th Cir. 1990). Appellant tacitly concedes that the application of an abuse of discretion standard is appropriate, but urges the Court to repudiate precedent and adopt the *de novo* review standard for this appeal. This invitation is unavailing, however, because the established standard can only be altered by the Court *en banc*. In any event, this is not an appropriate case to reconsider the applicable standard, because Appellant loses under either mode of review.

## Discussion

This action is governed by the substantive law of Delaware. "A cardinal precept of the General Corporation Law of the State of Delaware is that directors rather than shareholders, manage the business affairs of the corporation." Stepak, 20

4

F.3d at 402 (quoting <u>Aronson v. Lewis</u>, 473 A.2d 805, 811 (Del. 1984). Shareholder derivative suits intrude upon this managerial authority. Under Delaware law, therefore, an aggrieved shareholder must demand that the board take the desired action prior to bringing such a suit. <u>Id.</u> This necessity for demand is reflected in Federal Rule of Civil Procedure 23.1,[4] which requires more stringent pleading requirements than the mere notice pleading commanded in Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6). <u>Stepak</u>, 20 F.3d at 402. Fed. R. Civ. P. 23.1 provides in part:

> The [derivative] complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort.

If a plaintiff can show the demand would be futile, the demand is excused. A finding of demand futility is authorized only where particularized factual allegations of the derivative stockholder complaint create reasonable doubt that, as of the time the complaint was filed, a majority of the board could have properly exercised its independent and disinterested business judgment in responding to a demand. <u>Rales v. Blasband</u>, 634 A.2d 927, 934 (Del. 1993). Interest is demonstrated where a director, "will receive a personal financial benefit from a transaction that is not

---

[4]Delaware Chancery Rule 23.1 and Federal Rule of Civil Procedure 23.1 contain similar requirements.

5

equally shared by the stockholders," or, "where a corporate decision will have a materially detrimental impact on a director, but not on the corporation and the stockholders." Id. at 936.

Thus, in this case, to excuse a demand according to Delaware law, the Appellant was required to establish in the Amended Complaint the bias of seven Directors – a majority of the Board – to show that the Board itself was disqualified to consider the issue. See Blasband, 634 A.2d at 934. The District Court held that the Amended Complaint failed to establish that any of the thirteen CCE Directors was interested or not independent. **[R42:267-83].**

Appellant does not dispute the District Court's finding regarding the disinterest of six of the Directors. She only challenges the district court's individual finding of independence as to Directors Douglas, Fayard, Finan, Humann, Darden, Johnston III and Kline. **[Brief of Appellant at 22-24, 27-31]**. It follows that if the district court was correct in its finding of disinterest with respect to any one of these seven remaining Directors, the futility of a demand has not been established. Because we find that Appellant failed to plead particularized facts to demonstrate that two of the

seven remaining Directors – Defendants Darden and Johnston III - were interested,[5] the district court did not abuse its discretion in dismissing the Complaint.

Appellant argues that Defendants Darden and Johnston III were interested by virtue of their membership on the boards of other corporations, Target, Kroger Company and/or Krystal Company.[6] Appellant contends that the other corporations are major retailers of Coke's products and have close business relationships with CCE and Coke. Appellant argues that demand was futile with respect to Directors Darden and Johnston III, because the Directors could not support an action on behalf of CCE without harming the relationship between Target, Kroger Company, Krystal Company and Coke. The membership on Target, Krystal Company and/or Kroger Company's boards allegedly made Defendants Darden and Johnston III beholden to Coke, and demonstrated that Coke influenced or had the capacity to influence the Directors' discretion or independence.

Under Delaware law, an allegation of a collateral business relationship, standing alone, is insufficient to raise a reasonable doubt about a director's

---

[5]This should not be taken to mean that any of the other challenged Directors were shown to be interested. We simply find it unnecessary to consider them.

[6]Although the record is unclear as to whether Director Johnston III was a board member of Krystal Company, Kroger Company or both corporations, regardless of which company or companies he served as a director for, our decision remains the same.

7

independence. Beam v. Stewart, 845 A.2d 1040, 1050 (Del. 2004); see also Orman v. Cullman, 794 A.2d 5, 27 (Del. Ch. 2002) (finding that the law is well settled in Delaware that a naked assertion of a previous business relationship is not enough to overcome the presumption of a director's independence.) Although Defendants Darden and Johnston III may have held memberships on Target, Krystal and/or Kroger's boards, Appellant failed to allege any particularized facts showing that there was any actual bias because of their positions. The bald allegation that Defendants Darden and Johnston III were directors of outside companies, without more, does not demonstrate that the Directors were interested, even if the companies had close relationships with Coke. Accordingly, Appellant's argument does not support her demand futility claim.

Appellant also asserts that Defendant Darden and Johnston III lacked independence because of their alleged insider trading activity, potential liability for failure of oversight, potential loss of insurance coverage if the action was pursued by the Board, and Defendant Darden's compensation. In considering these assertions, the District Court correctly found that: (1) Appellant's conclusory allegation regarding the insider trading activity lacked sufficient specificity to demonstrate interestedness; (2) the Amended Complaint was devoid of particularized facts that Defendants Darden and Johnston III faced a substantial likelihood of personal

8

liability for their alleged failure of oversight; (3) Appellant's mere identification of an insurance exclusion was not enough to show the Directors were interested; and (4) Appellant failed to allege anything in regard to the claimed extravagance of Defendant Darden's compensation. In short, the District Court did not abuse its discretion in finding that these allegations did not demonstrate interestedness for demand futility purposes.

## Conclusion

For the foregoing reasons, Appellant failed to plead particularized facts with respect to at least two of the remaining seven Directors to create a reasonable doubt that a majority of the Board could have properly exercised independence and disinterestedness. Accordingly, the district court's dismissal is AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia